Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6701 | **DATE** | 3/4/2003 |
| **CASE TITLE** | Rochelle Bolden vs. Unum Life Insurance Company of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Motion for Summary Judgment of the defendant, Unum, is granted and the Motion for Summary Judgment of Bolden is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 0 6 2003 | |
| | Notified counsel by telephone. | date docketed | 22 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | date mailed notice | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR - 4 2003
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
MAR 6 2003

ROCHELLE BOLDEN,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

Case No. 02 C 6701

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

The plaintiff, Rochelle Bolden ("Bolden"), was employed by Northwestern Memorial Hospital ("Northwestern") as a Senior Financial Associate. The defendant, Unum Life Insurance Company of America ("Unum"), issued a group long-term disability policy to Northwestern, with its employees as beneficiaries. The parties agree that the policy constituted a group employee benefit plan which is subject to the Employee Retirement and Income Security Act of 1974, 29 U.S.C. 1002 § (1). The policy provides a maximum benefit period of 24 months for disabilities, including mental illness and self=reporting, *i.e.*, subjective, symptoms, that limit the employee from performing "the material and substantial duties of [the employee's] regular occupation." If the disability continues beyond 24 months, is due to injury or sickness other than mental illness or self-reported symptoms, and "Unum determines that" due to the same sickness or injury, the employee is unable to

perform "the duties of any gainful occupation for which [the employee is] reasonably fitted by education, training or experience," Unum will pay disability benefits for the period of disability until the employee attains the age of 65 years.

In addition to the policy of insurance, Unum provides what it describes as a "CERTIFICATE SECTION" which contains the following language: "When making a benefit determination under the policy, UNUM has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy." The certificate also contains the following: "If the terms and provisions of the certificate of coverage (issued to you) are different from the policy (issued to the policy holder) the policy will govern." (See P. CC.FP-1 FOUND AT Administrative Record, Vol. 1, UACL 00381) As we have seen, the policy itself merely provides that a person is considered disabled "when Unum determines" that he is. (See P. LTD-BEN-1 Found at Administrative Record Vol. 1, UACL 00377)

From March 2, 2000 through March 1, 2002, Unum provided Bolden with monthly disability benefits due to a psychiatric disability. She claimed that she had been unable to work since December 8, 1999, due to stress, anxiety attacks, and hypertension. She submitted two attending physician statements from her treating physicians, Dr. William Ciganek, a psychiatrist, and Dr. Robert Golden, an internist. Dr. Ciganek diagnosed her as having a "panic

disorder" and restricted her from work which he considered to be the principal precipitant for her anxiety. Based on the 24-month limitation of disability payments for mental illness, Unum advised Bolden, by letter dated March 5, 2002, that it was denying benefits after that date.

At that time, in addition to her psychiatric problems, Bolden was complaining of a litany of other ailments, including hypertension, anemia, asthma, knee pain, and fibromyalgia. Apparently her first complaints of physical, as opposed to mental, problems occurred in 2001 when she was examined for knee pain. She was seen and treated by Dr. Steven Stern, an orthopedic specialist. He concluded that she needed weight reduction (she apparently weighted 250 pounds) and exercise. Dr. Stern had noted that she walked without a limp and did not need surgery. Unum reviewed these records and concluded that Bolden had provided Unum with insufficient evidence of a physical impairment. It was on this basis that her claim for continuation of benefits was denied.

Bolden requested her first appeal on March 12, 2002. Dr. Thomas Reeder, Unum's Medical Director, reviewed her entire claim file and, based on his recommendation, Unum upheld its denial by letter dated April 1, 2002. Bolden again appealed and at this time submitted a letter from Dr. Golden and a report that he had received from Dr. Herbert Rubinstein, a rheumatologist to whom Dr. Golden had referred Bolden. Dr. Rubinstein diagnosed Bolden as having fibromyalgia, a condition that limits activities due to

pain, but he failed to indicate any restrictions or limitations on Bolden's ability to work. Dr. Reeder again reviewed Bolden claim file and concluded that Dr. Rubinstein had invalidly made his diagnosis of Fibromyalgia, and that he had failed to substantiate the claim of inability to work due to physical impairment. On June 2, 2002, Unum notified Bolden that her appeal had been denied and that she ha exhausted her appeal rights. Bolden now brings her claim in this court under ERISA. Both parties have moved for summary judgment.

## DISCUSSION

According to Bolden's psychiatrist, Dr. Ciganek, Bolden was extremely impaired by symptoms of anxiety and depression. Based on his findings Unum concluded that Bolden was impaired by mental illness and was disabled. Apparently this was the basis for Bolden's first appeal which was filed on March 12, 2002. Unum reviewed the records and concluded that she had not proved that she was physically disabled. It denied her first appeal by letter of April 1, 2002. Bolden again appealed and this time supplemented her appeal with a letter from Dr. Rubenstein. This appeal was denied by Unum on June 3, 2002 and was based on a review by an Unum reviewing physician, Dr. Thomas A. Reeder. He stated that in his opinion, Dr. Rubinstein had not properly documented his diagnosis of fibromyalgia and that Bolden had not submitted information that would support the fact that she was unable to perform a sedentary

- 4 -

occupation. The evidence submitted by Bolden consisted of letters from Dr. Golden and Rubinstein. Golden stated that Bolden's "activity was limited by virtue of chronic pain from fibromyalgia." Dr. Rubinstein did not opine on any limitations she might be subject to.

The first issue is the standard of review to be exercised. Bolden contends that it is *de novo* and Unum contends it is arbitrary and capricious. The standard of review is determined by the presence or absence of discretion on the part of the plan administrator. If the administrator is granted discretion to interpret or to apply the terms of the plan, judicial review is curtailed and limited to cases where the administrator has acted arbitrarily and capriciously. If no discretion is granted, the court gives full plenary review of the decisions of the administrator. *Herzberger v. Standard Insurance Co.*, 205 F.3d 327, 330 (7th Cir. 2000). *Herzberger* holds that plan language granting the plan administrator the power "to determine" eligibility does not give the employee adequate notice that the administrator has the power to make judgments largely unreviewable by the courts. On the other hand, plan language that clearly grants the administrator discretionary authority to make eligibility decisions are subject to the arbitrary and capricious standard.

The administrative record contains the policy in question and, as we have seen, the Certificate contains provisions that are

inconsistent with those contained in the policy as to whether the administrator has discretionary authority to determine disability. The Certificate states that UNUM has "*discretionary authority*" to determine eligibility for benefits and to interpret the terms and provisions of the policy, which is sufficient under *Herzberger*, but the policy itself states that an employee is disabled when "Unum *determines*," clearly insufficient under *Herzberger*. However the Certificate itself contains language that causes the Policy language to trump the Certificate language: "if the terms and provisions of the certificate of coverage (issued to you) are different from the policy (issued to the policyholder), the policy will govern." Thus, the court will apply *de novo* review of Unum's denial of benefits.

Under the *de novo* review the court has no trouble finding that Bolden has substantiated that she is afflicted with fibromyalgia. Her board-certified rheumatologist clearly diagnosed this condition and it is this Court's finding that Dr. Reeder's criticism does not stand up against the clearly stated diagnosis of the attending physician and specialist. Dr. Reeder states that a rheumatologist must find at least 11 out of 18 trigger points to make a diagnosis of fibromyalgia and takes issue with Rubinstein because he did not mention a specific number but mere stated that he found "multiple" trigger points. This clearly amounts to nitpicking.

However Reeder is on far more secure ground on his alternative basis for denying coverage, *i.e.*, that none of Bolden's doctors had opined about the nature and extent of her disability. Bolden supported her first appeal with approximately 21 pages of medical records from Dr. Gordon's office. These records, reviewed for Unum by Dr. Reeder, for the first time mentioned a possible diagnosis of fibromyalgia, but Dr. Gordon failed to document this condition or to describe any specific physical impairment or loss of functional capacity that she might have. On April 1, 2002, Unum denied the appeal with a three-page written letter, advising Bolden that Unum found no medical evidence of impairment that precluded sedentary capacity.

After April 23, 2002, Dr. Golden submitted a report, dated April 17, 2002, that he had received from Dr. Rubinstein, which clearly states that Bolden had fibromyalgia. Physical exams showed that upon walking she favored her right leg. This was the only described physical limitation. On April 24, 2002 Golden faxed a letter to Unum stating that Bolden's "activity is limited" by the pain from fibromyalgia. He failed, however, to describe the extent of the limitation. On April 26, 2002, Unum responded to Bolden advising her that the medical information she submitted did not provide "any restrictions and limitations" resulting from the diagnoses. The letter concluded with a request that Bolden provide Unum with any additional medical information, including from her physician a list of "the activities you cannot and should not

do. . . ." In response Unum received from Dr. Rubinstein a letter dated May 1, 2002, limited to a statement of the basis for his diagnosis of fibromyalgia. On May 13, 2002, Unum received a letter from Dr. Rubinstein stating that he couldn't add anything to his May 1, 2002 letter, and on May 22, 2002, Unum received Rubinstein's office treatment notes, which indicated that on April 16, 2002, Bolden "has trouble getting around - whole body aching; a.m. stiffness." On May 1, 2002, his notes indicate "FM unchanged. Widespread pain." These documents were reviewed by Dr. Reeder. His conclusion was communicated to Bolden by letter dated June 3, 2002. In this letter Unum advised Bolden that, based on Dr. Reeder's review, it disagreed with the diagnosis of fibromyalgia and that the additional documentation supplied did not confirm impairment nor assess daily activities.

The policy clearly provides for a tougher standard for disability extending disability coverage beyond 24 months. Prior to that point the question for determination is whether the claimant can perform the duties of her job. After 24 months, the standard becomes much tougher, *i.e.*, whether the claimant is "unable to perform the duties of *any gainful occupation* for which you are reasonable fitted by education, training or experience." (Emphasis supplied). Bolden wholly failed to provide any support, prior to Unum's final denial on June 3, 2002, that she came even close to the policy definition of disability after 24 months. She

simply has not demonstrated that she was not capable of any gainful employment to which she was reasonably fitted. While fibromyalgia is a competent pain producing condition, it can be but is not necessarily disabling. *See*, "Fibromyalgia and Exercise," *www.familydoctor.org*, Copyright 2001 by the American Academy of Family Physicians. The cases cited by Bolden finding disability resulting from fibromyalgia were based on specific medical evidence submitted by the claimants in those cases and, therefore, do not constitute binding precedent to be used by Bolden. Had Bolden submitted similar evidence in support of her claim, the result could well have been different.

## CONCLUSION

Therefore based on a *de novo* review the court finds that the determination of Unum, the plan administrator is adequately supported by a preponderance of the evidence in the record. The Motion for Summary Judgment of the defendant, Unum, is granted and the Motion for Summary Judgment of Bolden is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: March 4, 2003

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
Eastern Division

Rochelle Bolden                      **JUDGMENT IN A CIVIL CASE**

         v.                                  Case Number: 02 C 6701

Unum Life Insurance Co. of America

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☒    Decision by Court. This action came before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the Motion for Summary Judgment of the defendant, Unum Life Insurance Company of America is granted.

                                                    Michael W. Dobbins, Clerk of Court

Date: 3/4/2003                                    Wanda Parker, Deputy Clerk